# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**STEVE RACER and SUSAN RACER,**
**Plaintiffs Below, Petitioners**

**v.) No. 24-ICA-149**      (Cir. Ct. Tyler Cnty. Case No. CC-48-2022-C-8)

**ANTERO RESOURCES CORPORATION**
**And LAZY S FARMS, LLC,**
**Defendants Below, Respondents**

**FILED**
**February 28, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Steve Racer and Susan Racer appeal the Circuit Court of Tyler County's Order Granting Lazy S Farms, LLC's Motion for Summary Judgment and Declaring Title to Certain Oil, Gas, and Mineral Interests entered March 6, 2024. In that order, the circuit court held that the Petitioners did not own any interest in the oil and gas in dispute. Respondent Lazy S Farms, LLC, ("Lazy S") filed a response.[1] Respondent Antero Resources Corporation ("Antero") also filed a response. Petitioners filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no abuse of discretion. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case concerns the oil and gas interest underlying a forty-seven-acre tract ("Subject Property") located in Tyler County, West Virginia. The dispute arises from a civil action filed in 1983 in the Circuit Court of Tyler County, West Virginia, which involved the estate of George B. Dawson, who at the time of his death owned the surface, 100% of the rights to lease and receive rental and delay rental payments and 50% of the royalty interest in the oil and gas underlying the Subject Property.

The heirs of George B. Dawson brought the 1983 action to liquidate all of Mr. Dawson's properties, which included the Subject Property. The case was designated as *Norma Martin, et al., v. Esta Dillon, et al.*, Tyler County, Civil Action No. 83-C-104N

---

[1] Petitioners are represented by Andrew R. Cutright, Esq., and Roger L. Cutright, Esq. Lazy S is represented Jonathan G. Brill, Esq. Antero Resources Corporation is represented by Corey L. Palumbo, Esq., and Joshua Cottle, Esq.

("Dawson Civil Action"). On May 11, 1990, the court in the Dawson Civil Action determined that the property owned by Mr. Dawson, including the Subject Property, passed to eighteen different individuals. Due to the number of heirs and small fractional interests of each heir, the court further found that "no party hereto would be prejudiced by sale of the property formerly owned by George B. Dawson." To carry out the sale, the court designated Gary L. Rymer, Esq., as Special Commissioner to advertise and effectuate the sale of the property owned by Mr. Dawson at his death, which included the Subject Property.

On May 23, 1990, a Notice of Sale was published in the Tyler Star News. The Notice of Sale sets forth a metes and bounds description of the property being sold. On June 7, 1990, the Special Commissioner sold the property owned by Mr. Dawson at his death, including the Subject Property, at public auction, to Ralph E. Phillips. Following the sale, the Report of the Special Commissioner stated that the "land sold is described as follows" the Report then gave a metes and bounds description of the Subject Property and the other tracts.

Thereafter, in the Order Confirming Sale and Directing Distribution of the Proceeds ("Order Confirming Sale"), the circuit court ordered the sale ratified, approved, and confirmed. The Order Confirming Sale then states that the "Special Commissioner shall forthwith execute and deliver to the purchaser apt and sufficient deed with covenants of Special Warranty . . . conveying the property so purchased." The Order Confirming Sale specifically states that it is "adjudged and ordered that the aforesaid Purchaser [Ralph E. Phillips] do take title in and to the real estate so purchased by him, free and acquit of the vested or inchoate dower and contingent right of dower of any parties to this action."

By deed dated July 20, 1990, recorded in the office of the Clerk of the County Commission of Tyler County, West Virginia, in Deed Book 288, Page 226 ("Rymer Deed"), Gary L. Rymer, as Special Commissioner, conveyed the Subject Property to Ralph E. Phillips. The Rymer Deed indicated that the conveyance was for the "surface only."

However, by deed ("Corrective Deed") dated January 15, 1991, recorded in Deed Book 290, Page 21, two changes were made to the Rymer Deed. The Corrective Deed changed a call in the metes and bounds description from "19 E 12 poles" to "S 19 E 12 poles" and it removed the "surface only" description.

Following recordation of the Rymer Deed, which contained the "surface only" provision, the Tyler County Assessor generated a new tax ticket for the George B. Dawson heirs' interest in the oil, gas, and minerals under the Subject Property. Following recordation of the Corrective Deed, which removed the "surface only" provision, the Assessor did not correct or delete the newly created tax ticket. The newly created tax ticket went unpaid by the Dawson heirs. The tax assessment went delinquent and eventually was

sold at a tax sale to the Petitioners herein. On April 1, 2017, the West Virginia State Auditor conveyed the delinquent tax ticket to Petitioners.

Following delivery and recordation of the Corrective Deed, the Dawson Civil Action was dismissed, and the Subject Property was transferred several times until, on November 25, 2015, F & R Farms, LLC, conveyed its interest in the Subject Property to Respondent Lazy S Farms, LLC.

On June 27, 2022, the Petitioners filed their complaint in the Circuit Court of Tyler County against Antero and Lazy S seeking a declaration that "they are the owners of 100% leasing rights, rental payments, bonus payments, and 50% non-participating royalty interest of the oil and gas" underlying the Subject Property. Thereafter, Lazy S and Antero each filed respective answers denying Petitioners' claims. Lazy S and Petitioners filed cross motions for summary judgment, which were fully briefed before the circuit court. A hearing was held on the parties' respective motions and filings on July 18, 2023, and, on March 6, 2024, the circuit court entered its Order Granting Lazy S Farms, LLC's Motion for Summary Judgment and Declaring Title to Certain Oil, Gas, and Mineral Interests. In that order, the circuit court reasoned that the circumstances surrounding the Dawson Civil Action, the Rymer Deed and Corrective Deed, and the actions, or inactions, of the Dawson heirs following the judicial sale, demonstrate an intention of the Dawson heirs and the Dawson Court to sell and liquidate all of Mr. Dawson's interest in the Subject Property, including the oil, gas, and minerals. The circuit court held that based upon the prior proceedings, taken together with the clear, unambiguous actions of Mr. Rymer and the clear, unambiguous language in the Rymer Deed and Corrective Deed, that the Dawson Court intended to convey, and actually conveyed, all of George B. Dawson's interest in the subject property to Lazy S's predecessor in title. It is from this order that Petitioners appeal.

Our review of a circuit court's entry of summary judgment is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting a de novo review, this Court applies the same standard for granting summary judgment that a circuit court must apply: "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *United Bank, Inc. v. Blosser*, 218 W. Va. 378, 383, 624 S.E.2d 815, 820 (2005) (quoting *Painter*, 192 W. Va. at 190, 451 S.E.2d at 756, syl. pt. 2).

On appeal, Petitioners assert that the circuit court erred by not applying the unambiguous language of the Rymer Deed that described the property being conveyed as "surface only." We disagree. In Syllabus Point 3 of *Faith United Methodist Church & Cemetery of Terra Alta v. Morgan*, 231 W. Va. 423, 745 S.E.2d 461 (2013), the Supreme Court of Appeals of West Virginia ("SCAWV") succinctly held that "[d]eeds are subject to the principles of interpretation and construction that govern contracts generally."

Further, the *Faith* Court found, at Syllabus Point 7, that "[i]t is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract for them." *Id.* In *Gastar Expl. Inc. v. Rine*, 239 W. Va. 792, 798-99, 806 S.E.2d 448, 454-55 (2017), the SCAWV stated that "[w]hen a deed expresses the intent of the parties in clear and unambiguous language, a court will apply that language without resort to rules of interpretation or extrinsic evidence."

Here, while the Rymer Deed does state that the conveyance was surface only, the Corrective Deed, which is a valid deed in the chain of title that was never set aside, removes the "surface only" description of the property being conveyed, and the Corrective Deed contains no other valid reservation of the oil and gas at issue herein. Therefore, by the unambiguous terms of the Corrective Deed, which altered the Rymer Deed, Ralph E. Phillips was conveyed the entire interest in the Subject Property owned by George B. Dawson at the time of his death.

However, even if we were to find some ambiguity that would enable this Court to construe the deeds beyond their unambiguous terms, we would still find in favor of Lazy S as they are the successor to the grantee of the Corrective Deed. Syl. Pt. 6, *Paxton v. Benedum-Trees Oil Co.*, 80 W.Va. 187, 94 S.E. 472 (1917) ("Where there is ambiguity in a deed, or where it admits of two constructions, that one will be adopted which is most favorable to the grantee.").[2]

Therefore, for the foregoing reasons, we affirm the Circuit Court of Tyler County's Order Granting Lazy S Farms, LLC's Motion for Summary Judgment and Declaring Title to Certain Oil, Gas, and Mineral Interests entered March 6, 2024.

Affirmed.

**ISSUED:** February 28, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[2] The Court further notes that the Dawson heirs never moved to have the Corrective Deed set aside, never appealed the underlying litigation, and never sought to pay the erroneous tax assessment; thus supporting the circuit court's conclusion that they intended to convey the oil and gas interest in dispute.